UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RAYMOND LEWIS,                        :

                    Plaintiff,        :     11 Civ. 2487 (BSJ)(HBP)

      -against-                       :     REPORT AND
                                            RECOMMENDATION[1]
CLARK'S TOWN POLICE DEPARTMENT,       :
et al.,
                                      :

                    Defendants.       :
                                      :
----------------------------------X


            PITMAN, United States Magistrate Judge:


            TO THE HONORABLE BARBARA S. JONES, United States

District Judge,


            By letter dated November 30, 2011, defendants, the

Clarkstown Police Department[2] and Sgt. Brian Gorsky move to

transfer this matter to the White Plains Courthouse.  For the

reasons set forth below, the motion is granted.

            The pro se complaint in this matter alleges that

------------------------

            [1]As discussed in the text, the application before me seeks
the transfer of this action to the White Plains courthouse.
Because it might be regarded as unseemly for a Magistrate Judge
to be re-allocating cases between District Judges, I believe it
is more appropriate to address the present application by way of
a Report and Recommendation.

            [2]The caption on the complaint refers to the lead defendant
as the "Clark's Town Police Department."

plaintiff was arrested by the Clarkstown Police Department on or about December 22, 2010 and was repeatedly pepper sprayed for no reason.  Plaintiff further alleges that he requested and was denied medical treatment after the incident.  Plaintiff is currently in the custody of the New York State Department of Corrections and Community Supervision and is housed at the Upstate Correctional in Malone, New York, a town located in the extreme northern tip of New York State, a few miles from the border with Canada.  Clarkstown is located approximately 25 miles north of New York City, on the west side of the Hudson River; Clarkstown is approximately 15 miles from White Plains. Clarkstown is represent by retained counsel whose office is in Nyack, New York, approximately 12 miles from White Plains.

Rule 19 of this District's Rules for the Division of Business among District Judges ("Rules for the Division of Business") provides, in pertinent part, that

> If the Judge to whom the case is assigned determines that it should be assigned to the other courthouse under these rules, it is sent to the Clerk for reassignment to a judge in the other Courthouse. If upon reassignment there is s dispute as to the proper place of holding court, it will be referred to the Assignment Committee for final determination. . . .

I respectfully submit this matter should be transferred to the White Plains Courthouse for the convenience of the parties, counsel and the witness.

First, but for the fact that petitioner was ultimately convicted and is now in prison, this matter would have properly brought in White Plains because the claim arose in Rockland County.  Rule 18(a)(i) of the Rules for the Division of Business. Second, given the traffic congestion in Manhattan, there can be little question that it will be easier and less expensive for counsel to appear at the White Plains Courthouse.  Third, the reassignment of this case will not frustrate the purpose of Rule 21 of the Rules for the Division of Business.  Because most of the state prisons in New York are located in the Northern Counties, Rule 21 provides for the assignment of prisoner civil rights actions proportionately among all District Judges in order to prevent the Judges sitting in White Plains from being overwhelmed with such cases. Gashi v. County of Westchester, 02 Civ. 6934 (GBD), 2005 WL 195517 at *16 (S.D.N.Y. Jan. 27, 2005) (Daniels, D.J.).  This case does not involve any clam that plaintiff's rights were violated while he was in state custody. Rather the action involves only the alleged conduct of the police in a town located in Rockland County.  Thus, the assignment of this case White Plains does not create a potential for an inordinate number of actions to be transferred to the White Plains Courthouse.  Finally, no substantial proceedings have taken place yet at the Foley Square Courthouse.  The case is

still in its initial stages and a transfer to White Plains will not result in any duplication of effort or waste of judicial resources.

Accordingly, for all the foregoing reasons, I respectfully recommend that this matter be transferred to the White Plains Courthouse.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6(a) and 6(d).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Jones.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair
Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714
F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        February 15, 2012

                                    Respectfully submitted,


                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Mr. Raymond Lewis
DIN 11-A-4997
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, New York 12953

Harold Y. MacCartney, Jr., Esq.
MacCartney, MacCartney, Kerrigan & MacCartney
13 North Broadway
Post Office Box 350
Nyack, New York  10960